UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED BONIECKI,

    Plaintiff,

v.                                                 Case No. 22-cv-11578
                                                 Honorable Linda V. Parker

CITY OF WARREN,

    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, SUA SPONTE DISMISSING THIS ACTION, AND DENYING AS MOOT PENDING MOTIONS

### Background

On July 12, 2022, Plaintiff Ted Boniecki ("Boniecki") filed this pro se action against the City of Warren ("Warren"). In his Complaint, Boniecki alleges several constitutional violations arising from Warren's purported threat of warrantless searches and criminal prosecution if rental inspections and permits are not obtained for three Warren properties: 28127 Wexford, 4335 Burssens, and 28041 Walker. On February 21, 2023, this Court issued an opinion and order denying motions to dismiss filed by Warren but concluded, for reasons not stated by Warren, that Boniecki's Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. (ECF No. 33.) The Court ordered Boniecki to show cause in writing within twenty-one days why his Complaint

should not be dismissed with prejudice. (*Id.* at PageID 394-95.) The Court further instructed that "[i]f Boniecki believes he can cure the deficiencies discussed in th[e] decision by filing an amended complaint, he should explain in the filing what those amendments would be." (*Id.*)

On March 13, 2023, Boniecki responded by filing a motion for leave to file an amended complaint. (ECF No. 34.) Since then, he has filed motions for injunctive relief, to enter evidence in support of his motion for injunctive relief, for relief from judgment, for declaratory judgment, and to strike Warren's response to his motion for declaratory judgment. (ECF Nos. 35, 36, 40, 43, 45.) Because the allegations in Boniecki's motion for leave to file an amended complaint fail to cure the deficiencies outlined in the Court's February 21 decision, the Court is denying the motion, sua sponte dismissing his Complaint, and denying as moot his other pending motions.

## Discussion

From what the Court can discern, the various claims asserted in Boniecki's initial Complaint and what he seeks to assert in an amended complaint arise from tickets Warren issued for renting the subject properties without a license. In fact, attached to Boniecki's motion to amend, are two tickets Warren officers issued with respect to two of the properties on that basis. (*See* ECF No. 34 at PageID

408.) Boniecki asserts that it is unconstitutional to: (a) "forc[e]" him to admit that these are rental properties by requiring him to complete a rental permit application; and (2) require warrantless searches of the properties as a condition to obtaining a rental permit. Notably, Boniecki does not allege that any warrantless search of any of the properties has been conducted.

As outlined in the Court's previous decision, Boniecki never asserts that the properties are not rentals.[1] If they are not rentals, any basis for his standing to bring this lawsuit—i.e., that he is a member of the trust which owns the properties and therefore has an interest in the rental proceeds—is obliterated.[2] As this Court also explained in its previous decision, it is not unlawful for municipalities to require property owners to obtain licenses before using them as rentals and to mandate property inspections as a condition for the license. (ECF No. 33 at PageID 391-93.) If Boniecki does not want the properties inspected, he is not

---

[1] To the extent Boniecki does challenge Warren's conclusion that the properties are being used as rental properties, the Warren Code of Ordinances provides him with an opportunity to challenge that conclusion. *See* Sec. 111.1 of the Warren Code of Ordinances.

[2] Warren provides records reflecting that at least one of the properties is not owned by the Boniecki Family Trust. (*See* ECF No. 37-1.) Boniecki therefore has not shown that he has standing to assert his claims with respect to that property.

3

required to do so. However, he is then not entitled to the license that enables the properties to be used as rentals.

In his motion to amend the complaint, Boniecki also challenges Warren's adoption of the International Property Maintenance Code by reference. (*See* ECF No. 34 at PageID 404-05.) He maintains that the code therefore was enacted outside the legislative process. This argument also is meritless as the City's legislative body adopted the code, and Michigan law specifically grants municipalities the power to do so. *See* Sec. 28-1 of the Warren Code of Ordinances (citing Mich. Comp. Laws § 117.3(k)).

## Conclusion

For the reasons set forth herein and in the Court's February 21, 2023 decision, Boniecki fails to state a claim upon which relief may be granted in his initial complaint and his proposed amendments are futile. Accordingly, his motion for leave to file an amended complaint is **DENIED**. *See Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)) (indicating that "[a] motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss'"). Further, the Court sua sponte **DISMISSES WITH PREJUDICE** Boniecki's Complaint.

Boniecki's remaining motions (ECF Nos. 35, 36, 40, 43, & 45) are **DENIED AS MOOT**.

    **SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: November 1, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 1, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager