LayuUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED BONIECKI,

        Plaintiff,

v.

                                           Case No. 22-cv-11578
                                           Honorable Linda V. Parker

CITY OF WARREN, et al.,

        Defendants.

_____/

**OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CLARIFY PRELIMINARY INJUNCTION**

Plaintiff Ted Boniecki ("Boniecki") filed this pro se action against the City of Warren ("Warren") alleging constitutional violations arising from Warren's purported threat of warrantless searches and criminal prosecution if rental inspections and permits are not obtained for three Warren properties: 28127 Wexford, 4335 Burssens, and 28041 Walker. This Court previously denied Boniecki's motion to amend his complaint to cure certain deficiencies in his pleading, finding that the proposed amendment would be futile. (ECF No. 52.) Boniecki appealed (ECF No. 54), and the Sixth Circuit Court of Appeals reversed (ECF No. 56).

On remand, Boniecki filed an Amended Complaint, which added several Warren officials as defendants: Acting City Attorney Ethan Vinson, Acting Assistant City Attorney Cecil Pierre, and Warren Rental Inspector/Code Enforcer Curtis Gauss.  (ECF No. 62.)  He also added a fourth property: 4456 Martin.  (*Id.*) Boniecki then filed a motion for preliminary injunction, asking the Court to enjoin enforcement of citations previously issued by Defendants with respect to the properties and prevent them from issuing further citations.  (ECF No. 64.) Defendants stipulated to the requested relief (ECF No. 61), and a preliminary injunction was entered (ECF No. 68).

Boniecki subsequently filed a motion to amend his prayer for relief and for "speedy declaratory judgment.  (ECF No. 70.)  He also filed a motion for clarification of the preliminary injunction.  (ECF No. 75.)  The matter has been referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings. (ECF No. 69.)  On May 13, 2025, Magistrate Judge Altman issued an order granting Boniecki's request to amend his prayer for relief (ECF No. 71) and a report and recommendation, recommending that his motion for declaratory judgment be denied and his motion to clarify preliminary injunction be granted in part and denied in part (ECF No. 83).

Specifically, in the R&R, Magistrate Judge Altman explains that a "motion" for declaratory judgment is not the correct procedural mechanism as a declaratory judgment is a form of relief, available only if Boniecki carried his burden of establishing his entitlement to summary judgment on a pending claim. Liberally construing Boniecki's motion as one for summary judgment, Magistrate Judge Altman finds that he fails to meet his burden of showing the absence of any genuine dispute. Magistrate Judge Altman points out that Boniecki's assertion that the Warren City Ordinances are unconstitutional on their face is belied by the Sixth Circuit's previous decision in this case. In addition to satisfying his burden of proof with respect to his as-applied challenge, Magistrate Judge Altman concludes that a decision on the merits is premature because discovery has not begun.

With respect to Boniecki's motion to clarify the preliminary injunction, Magistrate Judge Altman finds clarification generally unnecessary. She does recommend amending the preliminary injunction to include the new property recently added to Boniecki's pleading: 4456 Martin. As to his claim that other clarifications are needed to preclude enforcement of any actions against the properties, Magistrate Judge Altman explains that the plain language of the injunction already does so, including the prosecution of previously issued citations.

3

Any request to include future real estate interests, she reasons, relies on risks that are "entirely speculative."

At the conclusion of the R&R, Magistrate Judge Altman advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id.*) Boniecki filed objections on May 20. (ECF No. 84.)

Boniecki first claims that Magistrate Judge Altman did not liberally construe his pro se filing when she converted his motion for declaratory judgment to one for summary judgment and then denied it as premature. Magistrate Judge Altman did in fact afford liberal construction to his motion, however, by construing it as one for summary judgment, instead of simply denying it as procedurally improper.

Boniecki argues that Magistrate Judge Altman failed to heed the Sixth Circuit's instructions to allow him to file his amended pleading and pursue discovery. But contrary to Boniecki's assertions, nothing in Magistrate Judge Altman's R&R suggests that discovery is stayed for the long term or precluded. In fact, Magistrate Judge Altman issued an order earlier requiring the parties to submit a joint discovery plan in preparation for issuing a scheduling order. (*See* ECF No. 71.) When the parties were unable to submit a joint discovery plan and

Boniecki filed his motion for declaratory relief and to modify the injunction, Magistrate Judge Altman only stayed discovery while she resolved the motions and the discrepancies in the parties' proposals for discovery. (*See* ECF Nos. 73, 74, 76.)

Magistrate Judge Altman's recommendations to deny Boniecki's motion for a declaratory judgment and his motion for clarification of the preliminary injunction also do not contravene the Sixth Circuit's decision, as Boniecki asserts in his second objection. The Sixth Circuit's conclusion that Boniecki's amended complaint plausibly alleges a violation of his rights does not mandate a finding that he is entitled to a declaratory judgment. As Magistrate Judge Altman correctly concludes, to be entitled to a declaratory judgment, Boniecki must demonstrate the absence of a genuine issue of material fact and that he is entitled to prevail on one or more of his claims. *See* Fed. R. Civ. P. 56(a).

Contrary to Boniecki's third objection, his burden is not satisfied because the Sixth Circuit found that he plausibly alleged a Fourth Amendment violation, paired with the citation numbers and default judgments entered in state court against him. Boniecki's allegations in his pleadings are not evidence. He attached no evidence to his motion supporting his claims.

Boniecki next argues that Magistrate Judge Altman improperly mounts Defendants' defense for them and accepts their "misleading and unverified statements that they notified the 37th District Court to stay enforcement" of the previously issued citations. Magistrate Judge Altman did not mount a defense for Defendants, however. She merely applied the proper standard to Boniecki's motion.

Defendants' representation concerning the enforcement of the previously issued tickets, although mentioned by Magistrate Judge Altman, was not the reason why she found a modification of the preliminary injunction unnecessary. Instead, it was because the injunction, as already worded, enjoins enforcement. Nothing in the Sixth Circuit's decision or this Court's injunction requires the dismissal of those tickets. Nor is the dismissal of the citations warranted based on the current record. If Boniecki ultimately demonstrates that the citations were issued in violation of his rights, their dismissal will be an appropriate remedy. If he fails to make that showing, it may be appropriate to lift the stay and allow the City of Warren to pursue their enforcement.

For these reasons, the Court rejects Boniecki's objections to Magistrate Judge Altman's R&R and adopts the R&R. Considering the issues de novo, a declaratory judgment is premature and clarification of the preliminary injunction

order is unnecessary, except to the extent that Boniecki's fourth property should be included. Therefore, as Magistrate Judge Altman recommends, the Court **DENIES** Boniecki's motion for a declaratory judgment (ECF No. 70) and **GRANTS IN PART AND DENIES IN PART** his motion to clarify preliminary injunction (ECF No. 75).

      **SO ORDERED**.

                                   s/ Linda V. Parker
                                   LINDA V. PARKER
                                   U.S. DISTRICT JUDGE

Dated: February 5, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 5, 2026, by electronic and/or U.S. First Class mail.

                                   s/Aaron Flanigan
                                   Case Manager