UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED BONIECKI,

   Plaintiff,

v.

CITY OF WARREN, et al.,

   Defendants.

_____/

Case No. 22-cv-11578
Honorable Linda V. Parker

**OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 14, 2025 REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTIONS TO CLARIFY PRELIMINARY INJUNCTION AND FOR A TEMPORARY RESTRAINING ORDER, AND REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S NOVEMBER 24, 2025 ORDER**

Plaintiff Ted Boniecki ("Boniecki") filed this pro se action against the City of Warren ("Warren") alleging constitutional violations arising from Warren's purported threat of warrantless searches and criminal prosecution if rental inspections and permits are not obtained for four Warren properties: 28127 Wexford, 4335 Burssens, 28041 Walker, and 4456 Martin.[1]  As relevant to the pending matters, on March 3, 2025, this Court granted Boniecki's motions for a preliminary injunction and enjoined Defendants from "issuing any future citations

---

[1] The Martin property was not included initially but was subsequently added by Boniecki in an amended pleading.  (ECF No. 62 at PageID.559.)

related to the subject properties and enforcing current and past citations" including "collection efforts for previous violations for which fines were assessed."  (ECF No. 68.)  Defendants had stipulated to this relief during the pendency of the action. (ECF No. 61.)  On Boniecki's motion, the preliminary injunction was expanded to include the Martin property.

After the Court referred the case to Magistrate Judge Kimberly G. Altman for all pretrial matters (ECF No. 69), Boniecki filed a motion to clarify the preliminary injunction and motions for temporary restraining order.  (ECF Nos. 86, 87, 89.)  Boniecki asked the Court to enjoin the State of Michigan's 37th District Court and its judges from enforcing a "ticket" against the occupant of 28127 Wexford, which was scheduled for a hearing on July 18, 2025, and to enjoin enforcement of the city ordinances at issue.  Boniecki subsequently filed a motion for non-party joinder, in which he sought to add the 37th District Court and two of its judges as defendants.  (ECF No. 101.)  He also filed a "Motion for Clarification of Representation and Notice of Conflict of Interest," in which he asserts that Defendants' failure to concur in his motion for joinder means their counsel has "undertaken representation and advocacy on behalf of non-parties—specifically, the 37th District Court and Judge John Chmura and Magistrate Albert Sophiea." (ECF No. 102).

On July 14, 2025, Magistrate Judge Altman issued a Report and Recommendation ("R&R"), recommending that this Court deny Boniecki's motion to clarify the preliminary injunction and motions for temporary restraining order ("TRO").  (ECF No. 95.)  Magistrate Judge Altman concludes that Boniecki's motions are essentially moot because he already has a preliminary injunction in place enjoining enforcement actions against all the subject properties.  One "ticket" had fallen through the cracks because the state court's ticket management system organizes tickets by name and ticket number, not property address, and it had been issued to the property's occupant, not Boniecki.  Defendants represented that this error had since been rectified, and they were working with the 37th District Court to confirm that all the addresses and tickets are cross-referenced going forward.

On November 24, 2025, Magistrate Judge Altman issued an order denying Boniecki's motion for non-party joinder and for "Clarification of Representation and Notice of Conflict of Interest."  (ECF No. 104.)  Magistrate Judge Altman concludes that, in light of the injunctive relief already granted, it is unnecessary to add the 37th District Court or its judicial officers to this action, even if they could be properly added.  Magistrate Judge Altman further explains to Boniecki that defense counsel's unwillingness to concur in his motions does not suggest that they

3

are defending the 37th District Court or its judges or that there is a conflict of interest.

Boniecki has filed objections to Magistrate Judge Altman's R&R and Order. (ECF Nos. 97, 105.)  As to the R&R, Boniecki argues that Magistrate Judge Altman's recommendation to deny his motion to clarify the preliminary injunction and motions for TRO overlooks that the "default ticket" at issue is a "default judgment" and conflicts with the Sixth Circuit's conclusion that he suffers a concrete injury for being "on the hook" for default judgments.  Boniecki seems to believe that he is entitled to have any default judgment issued for failure to comply with the rental ordinance set aside.  He also maintains that the magistrate judge improperly relied on assurances that the preliminary injunction was being followed but had been inadvertently violated based on an issue that had since been fixed.

As to Magistrate Judge Altman's Order, Boniecki argues that joinder of the 37th District Court and its judicial officers is necessary because a warrant to search rental properties in the event the owner or tenant refuses to agree to a search issues from the court.  Boniecki also argues that Magistrate Judge Altman exceeded her authority by deciding the motion via an order rather than a report and recommendation, and that she had to grant the motion when Defendants failed to respond to it.

4

**Standards of Review**

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when, despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).  A magistrate judge's decision "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation marks and citations omitted).

When objections are filed to a magistrate judge's report and recommendation ("r&r") on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The court,

5

however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the r&r waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### Analysis

Contrary to Boniecki's assertions, Magistrate Judge Altman did not exceed her authority by deciding his motion for joinder through an order instead of by r&r. 28 U.S.C. § 636 reads in relevant part:

> (b)(1) Notwithstanding any provision of law to the contrary—
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

The list of motions in subsection (A) are not exhaustive, and a magistrate judge must resolve any "dispositive" motion via an r&r.  *See Carter v. Hickory Healthcare, Inc.*, 905 F.3d 963, 967 (6th Cir. 2018) (citing *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001)).

"Dispositive" motions "are 'dispositive of a claim or defense of a party.'" *Vogel*, 258 F.3d at 514 (quoting Fed. R. Civ. P. 72).  "In determining whether a particular motion is dispositive, [the Sixth Circuit] undertakes functional analysis of the motion's potential effect on litigation." *Id.* at 514-15.  Examples of other dispositive motions include a motion for default judgment, a motion for sanctions threatening dismissal of claims or defenses, a motion to certify a district court order for interlocutory appeal, and a motion to realign parties where realignment would destroy or preserve diversity jurisdiction.  *See id.* at 515 (collecting cases).  A motion for joinder may qualify, if the failure to join an indispensable party will result in dismissal.

7

Boniecki's motion for joinder was not dispositive, however.  A decision on the motion was not dispositive of a claim or defense of the named parties.  But even if Magistrate Judge Altman should have resolved the motion through an r&r instead of an order, under de novo review, this Court would have reached the same decision.

That is because the joinder of the 37th District Court and its judicial officers is not necessary to afford Boniecki relief in this action.  Assuming they could be properly joined, the Warren rental ordinances at issue in this lawsuit are enforced through the city's code enforcement officials.  They request the warrant for the search Boniecki claims is unconstitutional, even though a judicial officer signs the warrant.  It is the officials' enforcement of the rental ordinances which initiated the actions Boniecki challenges, including the default judgment.  Stated differently, enjoinment of Warren's and its officials' enforcement of the challenged ordinance alone prevents the conduct Boniecki claims is unconstitutional.

The preliminary injunction precludes *further* enforcement action with respect to the four properties at issue and thus the issuance of new default judgments.  However, at this juncture, there has been no determination that previous enforcement or default judgments were unconstitutional.  On appeal, the Sixth Circuit did not hold that any default judgment arising from the enforcement

8

of Warren's ordinance was unconstitutional, only that the threat of a default judgment conferred standing on Boniecki.  Thus, as it currently stands, Boniecki is not entitled to have previously issued judgments set aside or removed from the court's website.

The default judgment for which enforcement steps were accidentally taken after the preliminary injunction was issued was entered before Boniecki secured injunctive relief.  (*See* ECF No. 94-1 at PageID.873.)  Defendants have agreed not to pursue enforcement while this litigation is pending and there is no reason to conclude that joinder of the state court and state judges is necessary to enforce the already-granted preliminary injunctive relief.

Boniecki's remaining objections to Magistrate Judge Altman's Order lack merit.  Magistrate Judge Altman was not required to grant his motions because Defendants failed to respond.  Instead, Magistrate Judge Altman needed to decide if the motions had merit and if the relief requested was available and warranted. Defendants may have deemed a response unnecessary where the relief sought pertained to third parties.  Magistrate Judge Altman did not demonstrate a bias for Defendants or against Boniecki by considering the law and providing reasons for denying the motions despite Defendants' lack of input.  Finally, there is no basis from which to conclude from Defendants' lack of concurrence in Boniecki's

9

joinder motion that their counsel has a conflict of interest or is representing the 37th District Court or its judicial officers.

For these reasons, the Court finds no merit to Boniecki's objections to Magistrate Judge Altman's R&R or Order issued July 14 and November 24, 2025, respectively.  Therefore, the Court **ADOPTS** Magistrate Judge Altman's recommendations and **DENIES** Boniecki's motions to clarify the preliminary injunction and for temporary restraining order (ECF Nos. 86, 87, 89) and **AFFIRMS** her decision denying Boniecki's motion for non-party joinder and "for Clarification of Representation and Notice of Conflict of Interest" (ECF Nos. 101, 102).

> **SO ORDERED**.

> s/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: February 5, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 5, 2026, by electronic and/or U.S. First Class mail.

> s/Aaron Flanigan
> Case Manager

10