UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED BONIECKI,

        Plaintiff,

v.                                                                    Case No. 22-cv-11578
                                                                    Honorable Linda V. Parker
CITY OF WARREN, et al.,

        Defendants.
_____/

### OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S MAY 29, 2026 REPORT AND RECOMMENDATION, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Background**

On July 12, 2022, Plaintiff Ted Boniecki ("Boniecki") filed this pro se action against the City of Warren (hereafter "City" or "Warren"). (ECF No. 1.) He filed an Amended Complaint on August 7, 2024, adding claims against three City of Warren officials: Head City Attorney Ethan Vinson, Head Assistant City Attorney Cecil Pierre, and Rental Inspector Curis Gauss. (ECF No. 62.) In both pleadings, Boniecki asserts constitutional challenges arising from the enforcement of the City of Warren's Code of Ordinances relating to residential rental dwellings within the City. Boniecki is the trustee for a trust that owns or owned four such

properties: 28127 Wexford, 4335 Burssens, 28041 Walker, and 4456 Martin. Boniecki complains about citations Defendants issued with respect to these properties and purported threats of warrantless searches and criminal prosecution if rental inspections and permits are not obtained for the properties.

The matter has been referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 69.) Defendants have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or for summary judgment pursuant to Federal Rule of Civil Procedure 56, to which Boniecki responded.  (ECF Nos. 106, 108.)  On May 29, 2026, Magistrate Judge Altman issued a Report and Recommendation ("R&R"), in which she recommends that the Court grant Defendants' Rule 12(c) motion and, therefore, deny as moot their Rule 56 motion.

In the R&R, Magistrate Judge Altman concludes that Sixth Circuit precedent, specifically *Herschfus v. City of Oak Park*, 150 F.4th 489 (6th Cir. 2025), renders Boniecki's claims implausible.  Magistrate Judge Altman further concludes that Boniecki's claims against the individual defendants are barred by

2

prosecutorial immunity.  Findings Boniecki's claims subject to dismissal pursuant to Rule 12(c), Magistrate Judge Altman finds the Rule 56 motion moot.

At the conclusion of the R&R, Magistrate Judge Altman informs the parties of their right to file objections.  She warns that the failure to file specific objections constitutes a waiver of any further right of appeal.  Boniecki has filed objections to Magistrate Judge Altman's R&R.  (ECF No. 116.)

### Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Analysis**

Boniecki begins his objections, expressing that the R&R "represents a highly prejudicial maneuver that forces . . . a pro se litigant[] to navigate the strict magistrate-appeal waiver rule under the threat of losing [his] constitutional claims . . .." (ECF No. 116 at PageID.1038.)  Boniecki appears to take issue with the 14-day deadline to object to a magistrate judge's ruling.  This deadline, however, is imposed by statute.  *See* 28 U.S.C. § 636(b)(1).  Boniecki's disagreement with this legislative act is not a proper objection to the R&R, particularly where he never moved here for an extension of time to object.

Boniecki next argues that the R&R disregards the mandate issued by the Sixth Circuit when this matter was first appealed.  He misunderstands the Sixth Circuit's decision and mandate, however.  As Boniecki points out, the appellate court did find that he alleged an ongoing, redressable Fourth Amendment injury because [he] remain[s] 'on the hook' for default judgments entered under Warren Code §§ 28-13 and 28-14."  *Boniecki v. City of Warren*, No. 23-2025, 2024 WL 3311410, at *2 (6th Cir. July 1, 2024).  But this finding pertained only as to whether Boniecki had standing to raise his claims with respect to property the trust no longer owned.  The Sixth Circuit did not hold that Boniecki plausibly alleged claims based on the City of Warren Ordinance requirement that a property owner

4

seeking to rent out property must first obtain a license to do so and consent to an inspection of the premises before a license is issued.

That is what Boniecki is complaining about in this lawsuit.[1]  He never alleges that the City of Warren or the individual defendants have engaged in warrantless searches of the subject properties.  The City issued tickets because the properties were rented to tenants without obtaining the required rental license.  Boniecki refuses to submit license applications for the properties because consent to an inspection of the property must be given for a license to issue.  Each of his claims is based on his challenge to that requirement.

---

[1] Boniecki says he is also challenging the adequacy of pre-compliance review and that the International Property Maintenance Code ("IPMC") Board of Appeals is not a neutral and detached judicial magistrate.  However, there is no dispute that the fines imposed against him for renting his properties without a license are before the state district court for review.  As for inspections of property where a rental license has been issued, Section 28-20 of the City of Warren Ordinance expressly provides: "If any owner or occupant refuses to provide access to the premises for a compliance inspection, the code official may seek a warrant from the 37th District Court to obtain entry to the premises."  Pursuant to IPMC Section 106.2.3, which is adopted and incorporated into Warren's Code of Ordinances, violations which do not constitute a misdemeanor offense are heard before the Administrative Hearings Bureau ("AHB") and may be appealed to the Macomb County Circuit Court.  The AHB is established in accordance with Michigan Compiled Laws § 117.4q.  This satisfies the necessary pre-compliance review before a neutral decisionmaker to render the ordinance constitutional.  *See Herschfus*, 718 F. Supp. 3d 707, 716 (E.D. Mich. 2024).

5

As Magistrate Judge Altman correctly assesses, the Sixth Circuit rejected the same challenge in *Herschfus*.  Contrary to Boniecki's assertion, *Herschfus* is not materially distinguishable.  Like the City of Warren Ordinance, the City of Royal Oak "requires landlords to consent to [an] initial inspection as a condition of receiving a certificate [of compliance] and license."  150 F.4th at 493.  Once a license is issued, inspections are governed by provisions of the City of Royal Oak's housing code which are substantively identical to those in the City of Warren's Ordinances.  *Id*.  Like Boniecki, Herschfus objected to consenting to the warrantless inspection required to obtain a certificate and license.  *Id*. at 494.  Like Boniecki, *this* resulted in the city repeatedly citing Herschfus for renting his properties without a license.  Boniecki, like Herschfus, "faces a misdemeanor charge—but for renting to tenants without a license as a repeat offender, not for withholding consent to an inspection."  150 F.4th at 500.

For these reasons, as Magistrate Judge Altman finds, *Herschfus* precludes *all of* Boniecki's claims in his Amended Complaint whether as alleged against the City of Warren or the individual defendants.  Therefore, the Court finds it unnecessary to address Boniecki's challenges to Magistrate Judge Altman's analysis of the individual defendant's entitlement to prosecutorial immunity. The

6

Court is adopting Magistrate Judge Altman's recommendations to grant

Defendants' Rule 12(c) motion.

Accordingly,

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings is

**GRANTED** and their motion for summary judgment is **DENIED AS MOOT**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: June 29, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 29, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager
